IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERENCE CRAWLEY, plaintiff<br>v.<br>S. Felix, in his official capacity as Captain,<br>Vicki Moser, in her official capacity as Warden | 3:20-CV-248<br>MOTION FOR APPOINTMENT<br>OF COUNSEL |

Pursuant to 28 U.S.C. § 1915(e)(1) plaintiff moves for an order appointing counsel to act as "STANDBY" counsel in his case. In support of this motion, plaintiff states:

1.) Plaintiff is unable to afford counsel. He has requested leave to proceed in forma pauperis.

2) Plaintiff's imprisonment will greatly limit his ability to litigate without the assistance of STANDBY counsel. The issues involved in this case are complex, and will require significant research and investigation. The plaintiff has ZERO access to the law library and is confined to his cell 24 hrs./day, and his knowledge of the law is limited at best. The Plaintiff currently needs assistance with obtaining evidence which is substantive to his claims such as his Medical records which would prove his alleged medical issues which place him at a much higher risk of death due to the COVID 19 outbreak in the prison now.

Also, plaintiff will not be able to conduct depositions effectively and more than likely will suffer prejudice from the defendants in the form of retaliation, cell searches, destruction of legal papers, etc. wich will greatly and irreparably harm his ability to defend himself without counsel.

3. A trial in this case will likely involve conflicting testimony, and counsel would be of great assistance in preparation of presenting advice and strategy in demonstrating evidence and how to cross examine witnesses.

4. Plaintiff would readily consider an Alternative Dispute Resolution (ADR) conference to mediate, if possible, on agreeable terms. However, because Plaintiff is in the defendants legal custody, he is already in a disadvantaged bargaining position, due to the defendants ability and already presented propensity to blatantly disregard any decorum and respect for Plaintiff's Constitutional and Human Rights. Standby counsel would almost level the scale of justice to allow plaintiff to proceed undeterred by physical intimidation from defendants or other staff at FCI Loretto, at the direction of the defendants.

5. Plaintiff has contacted an attorney who may be willing to act as standby counsel: MS. NANCY MACEOIN, esq. of the Federal Community Defender Office, CURTIS CENTER, 601 Walnut St.,

suite 540 West, Philadelphia, PA 19106. Plaintiff request the Court to consider Ms. Maceoin as STANDBY COUNSEL on his behalf.

WHEREFORE, plaintiffs request that the Court appoint, Ms. Nancy Maceoin, a member of the United States District Court of Pennsylvania Bar, as counsel in this case. (nancy_maceoin@fd.org)

Respectfully Submitted,
Terence Crawley, Pro Se
#14192-084
FCI Loretto
P.O. Box 1000
Cresson, PA 16630-1007

/s/ _____
DATE: 12/6/2020

Certificate of Service

I, Terence Crawley, hereby certify under a penalty of perjury that this motion to appoint counsel was mailed to the Clerk of the U.S. Dist. Ct. of PA by postage prepaid with Certification and Green Return Receipt by deposit into the institutional mails of FCI Loretto, on 12/6/2020.

Respectfully,
Terence Crawley, Pro Se
#14192-084
FCI Loretto
P.O. Box 1000
Cresson, PA 16630-1007

pg. 3 of 3